IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:96-CR-26-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CLARENCE COAKLEY | ) | |

This cause comes before the Court on defendant Coakley's pro se motion for reduction in sentence pursuant to 18 U.S.C. § 3582. The Office of the Federal Public Defender was appointed to assist Coakley with this matter and a hearing was held before the undersigned on March 21, 2018, at Raleigh, North Carolina. For the reasons that follow, defendant's motion for reduction is denied.

## BACKGROUND

Coakley was sentenced by this Court to a term of life imprisonment plus 360 months, to be served concurrently, after being found guilty of cocaine and cocaine base offenses. 21 U.S.C. §§ 841 and 846. Coakley's conviction on count one resulted in a mandatory statutory life sentence on the basis of an enhancement filed by the government prior to trial under 21 U.S.C. § 851. *See* 21 U.S.C. § 841(b)(1)(A). At sentencing, Coakley was also found to qualify as a career offender under U.S.S.G. § 4B1.1, and his advisory Sentencing Guidelines range on the remaining counts of conviction was 360 months to life imprisonment. Coakley did not receive the benefit of any substantial assistance motion filed by the government.

On May 21, 2015, Coakley filed a motion to reduce his sentence under 18 U.S.C. § 3582 based on Amendment 782 to the Guidelines. [DE 126]. The Court denied Coakley's motion [DE 138], and the court of appeals affirmed the denial, noting that a "defendant who was convicted of

a crack offense but sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2)." *United States v. Coakley*, 671 F. App'x 219 (4th Cir. 2016) (quoting *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010)).

On August 30, 2016, President Obama issued an executive grant of clemency, commuting Coakley's sentence from life imprisonment to 360 months' imprisonment. [DE 142]. Coakley then filed the instant motion on February 22, 2017, arguing that the commutation of his sentence to 360 months' imprisonment resulted in his being eligible for a reduction in sentence under Amendment 782.

## DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c). One of those circumstances is where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . .." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a). The Court finds that Coakley is ineligible for a reduction in his sentence under Amendment 782 for two reasons.

First, courts that have considered the issue have held that a presidential commutation of a defendant's sentence does not result in a sentence "based on a sentencing range" under the Guidelines. Rather, it is an executively imposed sentence, and outside the province of the judiciary to amend. *See, e.g., United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017) (Wilkinson, J., concurring in the judgment)(defendant is "no longer serving a judicially imposed sentence, but a presidentially commuted one. The President's commutation order simply closes the judicial door. Absent some constitutional infirmity in the commutation order, which is not present here, we may not readjust or rescind what the President, in the exercise of his pardon power, has done."); *United*

2

*States v. Jones*, No. 3:02-CR-00110, 2017 WL 3097956, at *2 (M.D. Tenn. July 21, 2017) (commutation does not lower a defendant's sentencing range); *United States v. Gibson*, No. 94-CR-454, 2017 WL 1301514, at *1 (D. Md. Apr. 7, 2017) (commutation does not affect eligibility for relief under § 3582), *aff'd,* 694 F. App'x 170 (4th Cir. 2017); *United States v. Buenrostro*, No. 2:95-504 WBS AC, 2016 WL 6895445, at *2 (E.D. Cal. Nov. 23, 2016) (same). Here, Coakley was sentenced to the statutory mandatory minimum sentence of life imprisonment, and President Obama's commutation of his sentence to 360 months' imprisonment is not a sentence that is based on a sentencing range subsequently lowered by the Sentencing Commission. *See United States v. Hood*, 556 F.3d 226, 232 (4th Cir. 2009) (district court not authorized under § 3582 to lower a sentence if the amendment "does not have the effect of lowering the defendant's applicable guideline range") (quoting U.S.S.G. § 1B1.10(a)(2)(B)) *abrogated on other grounds by United States v. Williams*, 808 F.3d 253 (4th Cir. 2015).

Second, Coakley was also found at sentencing to be a career offender. Even if Amendment 782 could be applied to reduce Coakley's base offense level under U.S.S.G. § 2D1.1, his career offender status would still be applicable, resulting in a higher total offense level. *See United States v. Proctor*, 397 F. App'x 898, 899 (4th Cir. 2010). The overall result is a new Guidelines range of 360 months to life based on an offense level of thirty-seven and a criminal history category of VI. Coakley would therefore be ineligible for a reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A); *United States v. Flowers*, 670 F. App'x 134 (4th Cir. 2016) ("The court cannot reduce the sentence under § 3582(c)(2) to a term less than the minimum of the amended guideline range, unless the original sentence was lower than the initial guideline range to reflect the defendant's substantial assistance.").

3

## CONCLUSION

Accordingly, and for these reasons, defendant's pro se motion for sentence reduction [DE 150] is DENIED. Defendant's motion to dismiss government's response as out of time [DE 158] is DENIED, *see* [DE 157], and defendant's motion to clarify scope of representation [DE 166] is DENIED AS MOOT.

SO ORDERED, this 14 day of May, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4